plaintiff did not wish to buy, offered to give him a general release, assume the liabilities, and take over the assets. Defendant named an appraiser; plaintiff refused to. At the close of business on September 13th, defendant's accountant's statement showed the net assets were then $31,343.72. Hauptner thereupon charged his account on the books with the said sum, took over the assets, and assumed the liabilities. Hauptner then caused a corporation to be formed, under the name of Charles Hauptner Company, and executed a bill of sale of what he had bought. Whereupon Hoffman brought this action for an accounting, dissolution of the firm, and for a receiver.

An action for an accounting was proper; but, as the partnership was dissolved by limitation, no action for a dissolution was necessary, or could be had. The articles provided a method for winding up which defendant followed, but which plaintiff refused to observe. The appointment of a receiver, under all the circumstances, was improper and ill-advised. Upon the showing made here, plaintiff owns nothing of the partnership property, but is deeply in debt thereto.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

## SWARTZ v. BROWN et al.

(Supreme Court, Appellate Division, First Department.	December 3, 1909.)

1. COMPOSITIONS WITH CREDITORS (§ 21*)—EFFECT—DISCHARGE FROM LIABILITY.

Where creditors agreed in a composition agreement with the debtor that the principal debt should be discharged in consideration of a certain sum and the debtor's promissory note, indorsed as agreed, the debt would not be revived by failure to pay the note, unless it was taken as a promise to pay an installment under the composition agreement, and not as a payment thereunder.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. § 52; Dec. Dig. § 21.*]

2. COMPOSITIONS WITH CREDITORS (§ 20*)—EFFECT—ON COLLATERAL.

Creditors could not hold the collateral security as against their former debtor after the principal debt was discharged by a composition agreement.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. § 43; Dec. Dig. § 20.*]

3. PLEADING (§ 67*)—COMPLAINT—ANTICIPATING DEFENSES.

Affirmative matter in defense of the action need not be negatived by the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 139; Dec. Dig. § 67.*]

Appeal from Special Term, New York County.

Action by Silas Swartz against John C. Brown and others. On demurrer to the complaint. Demurrer overruled, with leave to answer.

The following is the opinion of the court below:

The complaint before me clearly sets forth the fact that the defendants' debtor, Eisenberg, made a composition agreement with his creditors, including

---

these defendants, whereby, in consideration of the payment of certain moneys and the delivery of a certain promissory note to the defendants indorsed as agreed, the principal debt became discharged. This action, brought by Eisenberg's assignee to recover the value of the property in the defendants' hands as collateral security for the debt, proceeds upon the theory that the debtor became reinvested with title to the security upon discharge of the debt, and every allegation of fact essential to this legal result is contained in the pleading. There is nothing to suggest that the composition was of a conditional character. As alleged, it was final, and the creditor's acceptance of the benefits was with the understanding that the claims were discharged. The discharge could not be reopened and the debt revived merely because the note given under the composition may not have been collected, unless the creditor had taken it as a promise to pay an installment under the composition agreement, not as payment itself pursuant to that agreement (Hadley Falls Bank v. May, 29 Hun, 404; Boyd v. Hitchcock, 20 Johns. 76, 11 Am. Dec. 247), and in view of the facts alleged as to the terms of the composition, there was certainly no necessity for an averment that the notes delivered, with the indorsement as agreed, had actually been paid. The debt being discharged, the creditor had no further right or interest in the collateral as against the one time debtor. Robinson v. Striker, 47 Hun, 546. The grounds of argument for the defendants in support of this demurrer merely serve to suggest that they have a meritorious defense, and the attack upon the complaint is made to proceed upon the assumption that the plaintiff has failed to state a case because of his omissions to plead the negative of affirmative matter upon which the issue may and should be tendered by answer.

Demurrer overruled, with costs, with leave to defendants to plead over upon payment of costs within 20 days.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. T. Rice, for appellants.

D. L. Podell, for respondent.

PER CURIAM. Judgment affirmed, with costs on the opinion of the court below, with leave to defendants to withdraw demurrer and to answer on payment of costs.

Order filed.

---

### THEDFORD v. HERBERT.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. APPEAL AND ERROR (§ 1195*)—EFFECT OF DECISION—CONCLUSIVENESS.

    A decision of the Court of Appeals holding that the evidence was sufficient to go to the jury is the law of the case on a subsequent trial where the evidence is substantially the same.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. SALES (§ 81*)—CONSTRUCTION OF CONTRACT—QUANTITY.

    Under a contract for the sale of "about 1,000 tons" of coal per month, with the qualification that the buyer might not be able to take his full monthly quota for the next three or four months, but would live up to his obligations as nearly as possible, the buyer is not bound to accept the full 1,000 tons each month, nor can the seller insist on delivering that amount.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 222, 223; Dec. Dig. § 81.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes